Argued February 26, writ dismissed February 28, 1964

STATE EX REL McCORMICK v. APPLING

389 P. 2d 677

*Robert G. Ringo* and *Michael F. McClain,* Corvallis, argued the cause for petitioner. On the brief were Ringo and Walton, Corvallis.

*John J. Tyner, Jr.,* Assistant Attorney General, Salem, argued the cause for respondent. With him

on the brief was Robert Y. Thornton, Attorney General, Salem.

Robert Mix, and Thomas & Johnson, Corvallis, filed briefs as amici curiae.

Before McALLISTER, Chief Justice, ROSSMAN, SLOAN, O'CONNELL, DENECKE and LUSK, Justices.

McALLISTER, C. J.

This is an original proceeding in mandamus, brought by the relator to compel the Secretary of State to accept relator's declaration of candidacy for the position of judge of the circuit court for the Twenty-first Judicial District.

Article VII, § 1a,[1] of our state constitution provides in part that "a judge of any court shall retire from judicial office at the end of the calendar year in which he attains the age of 75 years." The alternative writ alleges that the Honorable Fred McHenry was elected at the general election in November, 1962, to a six-year term as a judge of the circuit court for the Twenty-first Judicial District, which term will not

---

[1] "Article VII, Section 1a. Notwithstanding the provisions of section 1, Article VII (Amended) of this Constitution, a judge of any court shall retire from judicial office at the end of the calendar year in which he attains the age of 75 years. The Legislative Assembly or the people may by law:

"(1) Fix a lesser age for mandatory retirement not earlier than the end of the calendar year in which the judge attains the age of 70 years;

"(2) Provide for recalling retired judges to temporary active service on the court from which they are retired; and

"(3) Authorize or require the retirement of judges for physical or mental disability or any other cause rendering judges incapable of performing their judicial duties.

"This section shall not affect the term to which any judge shall have been elected or appointed prior to or at the time of approval and ratification of this section."

expire until the first Monday in January, 1969. The writ further alleges that Judge McHenry will attain the age of 75 years on May 1, 1964, and that a vacancy will be created by his retirement on December 31, 1964. Relator contends that the vacancy should be filled by a judge elected at the general election in November, 1964, and that he is entitled to file his declaration as a candidate for nomination for said office at the primary election to be held on the third Friday in May, 1964. ORS 252.010 et seq.

The respondent contends that if a vacancy is created by Judge McHenry's retirement at the end of 1964, the Governor should fill the vacancy by appointment and has refused to accept relator's declaration of candidacy. Since declarations of candidacy for the 1964 primary must be filed not later than March 6, 1964, we have accepted original jurisdiction and advanced the case for hearing.

Section 1a of Art VII was adopted on November 8, 1960. Legislation implementing Section 1a is now codified as ORS 1.314 and 1.326. Subsection (1) of ORS 1.314 provides for the voluntary retirement of judges, while subsection (2) provides for their mandatory retirement on account of age, as follows:

> ORS 1.314. "(2) Any judge of the Supreme or circuit court shall be retired at the end of the calendar year in which he attains the age of 75 years, and, if he has served as judge in either or both of such courts for an aggregate period of 12 years or two full six-year terms, may receive the retirement pay provided in ORS 1.340."

ORS 1.326 provides in subsection (1) thereof the procedure to accomplish voluntary retirement under subsection (1) of ORS 1.314, whereas subsection (2)

of ORS 1.326 provides the procedure to be followed in the case of a judge who has reached the age of mandatory retirement, as follows:

> ORS 1.326. "(2) When the retirement board ascertains that a judge has reached the age of retirement, as provided in subsection (2) of ORS 1.314, it shall so certify to the Governor and shall also certify whether a vacancy will be created by the judge's retirement. The Governor shall thereupon declare the judge's retirement and, if a vacancy is created, declare the office vacant. If the judge so retired is eligible for retirement pay, he may apply therefor as provided in subsection (1) of this section."

ORS 1.326 recognizes that a vacancy may be created by the retirement of a judge, whether the retirement is voluntary or mandatory. If the retirement is mandatory no action is authorized until the judge has reached "the age of retirement, as provided in subsection (2) of ORS 1.314." The judge will always reach "the age of retirement" "at the end of the calendar year in which he attains the age of 75 years." When the judge has reached "the age of retirement" it is the duty of the Public Employes' Retirement Board to so certify to the Governor, and to also certify whether a vacancy will be created by the judge's retirement. The statute directs the Governor to "thereupon declare the judge's retirement and, if a vacancy is created, declare the office vacant." Respondent contends that it would then be the duty of the Governor under Article V, § 16,[9] of our constitution to fill the vacancy by appointment.

---

[9] "Art V, § 16. When * * * at any time a vacancy shall have occurred *. * * in the office of judge of any court, the governor shall fill such vacancy by appointment, which shall

Relator argues that a judge who because of his age cannot serve out a six-year term is in effect elected for a shorter term expiring at the end of the calendar year in which he attains 75 years of age. His term, instead of six years, would be for one or more years not exceeding five, depending on his age. Relator then relies on ORS 3.030, which provides that a "circuit judge shall hold office for the term for which he was elected; and at the general election next prior to the expiration of his term of office there shall be elected a circuit judge to succeed him." The uniform application of relator's theory, however, would lead to bizarre results. For example, if a judge was elected for a six-year term when because of his age he could only serve to the end of the first calendar year of said term, there would have to be elected at the same election a judge to fill the vacancy created by the mandatory retirement of the incumbent judge. Recognizing the impracticability of electing both an incumbent and his successor at the same election, relator would apply his theory only when a judge mandatorily retires at the end of an election year. Relator concedes that if a judge retires mandatorily at the end of a non-election year, the vacancy should be filled by the Governor. Relator's theory would give the constitution as it pertained to filling vacancies caused by mandatory retirement of judges one meaning in even-numbered years and another meaning in odd-numbered years.

In the case at bar, it is not certain that there will be a vacancy in the office of circuit judge created by

expire when a successor shall have been elected and qualified; if any vacancy occur * * * in any elective office of the state or of any district, county or precinct thereof, the same shall be filled at the next general election, provided such vacancy occur more than twenty (20) days prior to such general election."

Judge McHenry's mandatory retirement at the end of 1964. Judge McHenry could elect to retire voluntarily at any time prior to December 31, 1964. If he should so retire, it would be the duty of the Governor to fill the vacancy by appointment and the term of the appointee would expire when a successor was elected and qualified. Art V, § 16, Oregon Constitution. If the vacancy occurred more than 20 days prior to the general election to be held in November, 1964, the successor to the appointee would be elected in that general election. If Judge McHenry retired later in the year, the successor to the appointee would not be elected until the general election in 1966. In either event there would be no vacancy caused by mandatory retirement at the end of 1964, and the election of a judge to fill a prospective vacancy that did not occur would have been in vain. It cannot be determined, until the event has occurred, whether a successor judge will be needed because of the mandatory retirement of a judge at the end of a calendar year. It can be determined with certainty that the incumbent judge will not serve beyond the end of the year in which he attains the age of 75 years. Mandatory retirement at the end of the year may be forestalled, however, by the death, resignation or retirement of the incumbent before the end of the calendar year.

■ We hold that if a vacancy is created by the mandatory retirement of Judge McHenry at the end of 1964, the vacancy should be filled by gubernatorial appointment. We think our holding is in accord with the intent of the people when they adopted section 1a of Article VII of the constitution, and with the construction placed on that section by the legislature when it enacted ORS 1.326. We think the people adopted section 1a with the intention that any vacancy created

by mandatory retirement would be filled by appointment under Art V, § 16, of the constitution. The word "vacancy" used in section 16 is not limited, and there is no reason to assume that it does not include vacancies created by mandatory retirement.

█ It is significant that section 1a in providing for the mandatory retirement of judges makes no attempt to correlate the retirement of the judge with the expiration of his term of office. It is also significant that no attempt was made to correlate § 1a, Art VII, with § 14, Art II.[9] Mandatory retirement of a judge would occur at the end of a calendar year, while his successor, if elected, would not take office pursuant to § 14, Art II, until the first Monday in January. In most instances this would leave an interregnum of a few days. The appointment of a successor by the Governor under Art V, § 16, would avoid such an interregnum.

The alternative writ alleges that the relator is a resident of Linn county. We are asked to decide whether a vacancy created by Judge McHenry's retirement may be filled by a resident of Linn county, or whether his successor must be a resident of Benton county. Since we have disposed of this matter on other grounds, and the residential requirements for a new judge in the Twenty-first Judicial District will depend on the circumstances at the time the vacancy occurs, we decline to decide at this time a question which may never arise.

[9] "§ 14 Art II. The regular general biennial election in Oregon for the year A. D. 1910 and thereafter shall be held on the first Tuesday after the first Monday in November. * * * and all officers, except the Governor elected at any regular general biennial election after the adoption of this amendment shall assume the duties of their respective offices on the first Monday in January following such election. * * *"

The respondent properly refused to accept relator's declaration of candidacy. Respondent's demurrer to the alternative writ is sustained and the writ dismissed.